## COMMONWEALTH v. WM. SHERITT.

**Bail—Forfeiture—Order Showing Indictment Dismissed Entered Nunc pro Tunc—Evidence by Parol.**

In a proceeding upon the forfeiture of a bail bond, it may be shown, by parol evidence, if agreed to, that the defendant surrendered himself into the custody of the court at the next term after the forfeiture was entered and that the indictment was dismissed and the prisoner discharged, which order was not entered of record at the time, and such order may be entered nunc pro tunc.

### APPEAL FROM BOYD CIRCUIT COURT.

June 10, 1872.

OPINION BY JUDGE PETERS:

A judgment was rendered against appellee in the court below as the surety of Frank Sheritt in a bail bond for $300 for his non-appearance. At a subsequent term, the court below set aside that judgment and entered a judgment of remission. From this last judgment the commonwealth appealed to this court, and said judgment was reversed, because the record did not show that Frank Sheritt, the principal in the bond, had surrendered himself or was otherwise in the custody of the court as required by section 94 of Criminal Code, without which the court was not authorized to render a judgment of remission, and remanded the cause with directions for a judgment to be entered consistent with said opinion.

The opinion and mandate of this court having been filed in the court below, at its June term 1870, the cause redocketed on motion of the attorney for the commonwealth, and at the following October term of said court judgment was rendered against appellee for $300, the penalty in the bond in conformity to the opinion of this court. On a subsequent day of that term of the court, that judgment was set aside for reasons stated in the affidavits of William Sheritt and others.

At the June term, 1871, the cause was continued, and at the next October term the record shows that Frank Sheritt appeared in open court, and thereupon appellee, by his attorney, moved the court to enter an order nunc pro tunc to the effect that at the June term, 1869 (being the next term after the forfeiture of

the recognizance), Frank Sheritt came voluntarily into court and surrendered himself in the custody of the court in answer to the judgment against him, and to enter further on the record that he then voluntarily surrendered himself into the custody of the court.

By consent, the case was then submitted to the court upon said motions, and on final hearing, with the further agreement that the affidavits of Rowland Barns and J. C. Easthan should be taken and read as evidence, and the evidence in the former bill of exceptions be read also, and the order dismissing the indictment against Frank Sheritt and the order discharging him. And the court thereupon adjudged that said Frank Sheritt did, at the next term after the forfeiture of the recognizance, come voluntarily into court and surrender himself in custody in answer to the charge against him, of which, however, no order was made by the court at the time, and that the failure to make the order was probably owing to the fact that the indictment against Frank Sheritt was dismissed and he was discharged. That the affidavits admitted as evidence showed that said Sheritt did voluntarily come into court to answer the indictment and there is no evidence in conflict therewith, or that he was brought in by compulsory process, and the court thereupon enters now, for then, that at the June term, 1869, Frank Sheritt came voluntarily into court and surrendered himself in custody, and upon the whole case adjudged further, that William Sheritt, the surety in the bail bond, was not wholly free from blame, but on consideration of the whole case, remits the forfeiture except as to the sum of thirty dollars and the costs, and thereupon adjudged that the Commonwealth of Kentucky recover against William Sheritt the sum of thirty dollars and the costs of the proceeding to enforce the forfeiture. And the attorney for the commonwealth excepts to the order, nunc pro tunc, and to the judgment so far as it remits any part, and prayed an appeal.

The foregoing is a history of the case with a copy of the judgment rendered on the last trial.

It must be conceded that if the record of the case, when it was first here, had contained orders of the court showing that before a judgment of forfeiture had been rendered, the accused had voluntarily surrendered himself in custody, and that after-

wards the indictment against him was dismissed, the judgment of remitter would not have been reversed by this court.

After the return of the cause the motion of the appellee to show these facts by evidence was not excepted to nor resisted, and although he offered to prove their existence by parol, that evidence was not only not objected to but the attorney for the commonwealth consented that the parol evidence should be heard, so that there was no question before the court below, nor is there any now before this court as to the competency of the evidence by which the facts were established, nor as to the time when it was offered. The attorney for the commonwealth did except to the ruling of the court permitting the orders to be made nunc pro tunc and to the final judgment.

But whether the orders were then made or not, we apprehend, was immaterial, because the only reason for entering them was that they should be evidence of the facts and as the evidence of the same facts was by agreement of the attorney for the commonwealth before the court, appellant was not prejudiced by the ruling of the court in permitting them to be entered.

The admitted evidence therefore authorized the judgment. The defendant in the indictment appeared in court to answer the charge against him and it was dismissed and he discharged, from which it appears that the demands of the law were satisfied, the court having the power after the surrender of the accused to remit the forfeiture, and no sufficient or available reasons are adduced to set aside the judgment of the court below.

Wherefore the same is affirmed.